UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

COLLEEN T. PULEO,

                              Plaintiff,

                v.

MASONIC MEDICAL RESEARCH INSTITUTE;
JOHN S. ZIELINSKI; MARIA I. KONTARIDIS,

                              Defendants.

**STIPULATED PROTECTIVE
CONFIDENTIALITY ORDER**

Civil Action Number:
6:20-cv-01593 (TJM/ATB)

## CONFIDENTIALITY ORDER

**WHEREFORE**, the parties by and through the undersigned attorneys, have stipulated to the following Order;

**WHEREFORE**, there is discoverable information pursuant to Federal Rule of Civil Procedure 26 (b) (1) which will be exchange by the parties which is confidential;

**WHEREFORE**, the parties seek to ensure that the confidentiality of these documents and information remains protected;

**NOW THEREFORE**, the Court enters the following Protective Order pursuant to Federal Rule of Civil Procedure 26 (c) (1).

1.    Findings: The Court finds that the parties to this case have requested production of information which should be kept confidential.

2.    Definitions:

a)  "Party" means a named party in this case. "Person" means an individual or an entity. "Producer" means a person who produces information via the discovery process in this case. "Recipient" means a person who receives information via the discovery process in this case.

b)  "Confidential", or its equivalent, "Attorney's Eyes Only" information is information within the scope of Rule 26 (c) (1) that is designated as confidential pursuant to Section 3, detailed below, as well as any non-public business information; Plaintiff's tax returns, tax forms, personnel file and medical records; and other documents and information that may in good faith,

1

during the pendency of this litigation, be designated Confidential by the parties or the Court.

3.   <u>Designation of information as Confidential</u>:

a)   A person's designation of information as confidential means that the person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

b)   A person designates information in a document or thing as confidential by clearly and prominently marking it on its face as either "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY". By making documents or things containing confidential information available for inspection and copying without marking them as confidential, a producing party does not forfeit a claim of confidentiality, so long as the producer provides reasonable notice to the recipient that producer wants the information to be designated as confidential.

c)   A person designates information in deposition testimony as confidential by stating on the record at the deposition that the information is confidential or by advising the opposing party and the stenographer and videographer in writing, within fourteen days after receipt of the deposition transcript, that the information is confidential.

d)   A person's failure to designate a document, thing, or testimony as confidential does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

e)   A person who has designated information as confidential may withdraw the designation by written notification to all parties in the case.

f)   If a party disputes a producer's designation of information as confidential, the party shall notify the producer in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing a new designation for such materials. The party and the producer shall then meet and confer to attempt to resolve the dispute without involvement of the Court. If they cannot resolve the dispute, the proposed new designation shall be applied fourteen (14) days after notice of the dispute unless within that fourteen day period the producer files a motion with the Court to maintain the producer's designation. The producer bears the burden of proving that the information is properly designated as confidential. In the event such an application is made, the information shall remain subject to the producer's confidential designation until the Court rules on the dispute. A party's failure to contest a designation of information as confidential is not an admission that the information was properly designated as such.

g)   It is hereby adjudicated and ordered that Plaintiff's tax returns, tax forms, personnel file and medical records are confidential.

4.     <u>Use and Disclosure of Confidential Information</u>:

   a)   Confidential information may be used **<u>exclusively</u>** for purposes of this above captioned litigation, subject to the restrictions of this Order.

   b)   Absent further order by the Court, the recipient may not disclose confidential information to any person other than the following: (i) a party's outside counsel of record, including necessary paralegal, secretarial and clerical personnel assisting such counsel; (ii) a party's in-house counsel, including paralegal, secretarial and clerical personnel assisting such counsel; (iii) a party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case; (iv) a stenographer and videographer recording testimony concerning the information; (v) the Court and personnel assisting the Court, including court-appointed mediators and their staffs; (vi) any expert witnesses a person retains either for trial testimony or for consulting purposes for the above captioned litigation; (vii) an insurance company's personnel who have settlement authority and (viii) the parties themselves .

   c)   Absent written further order by the Court, the recipient may not disclose confidential information to any person other than those identified in paragraph 4(b)(i)-(vi).

   d)   Nothing in this Protective Order shall be construed to limit a Producing Party's use of its own Confidential information in any manner, or to limit the use of Confidential information or their contents to the extent that they are publicly available.

5.     <u>Filing with the Court</u>:

   a)   This Protective Order does not, by itself, authorize the filing of any document under seal. Notwithstanding any other provision of this Order, documents and things may not be filed under seal with the Clerk of this Court unless such sealing is authorized by a separate order upon an express finding that the documents or things, or portions thereof to be sealed, satisfy the requirements for sealing under *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110 (2d Cir. 2006).

   b)   If a party wishes to file in the public record a document that another producer has designated as confidential or the Court has ordered it a confidential document, the party must advise the producer of the document no later than one day before the document is due to be filed, so that the producer may move the Court to require the document to be filed under seal.

6.     <u>Document Disposal</u>: Promptly upon the conclusion of this case, each party must return to the producer all documents and copies of documents containing the producer's confidential information, and must destroy all notes, memoranda, or other materials derived from or in any way revealing confidential information. Alternatively, if the

producer agrees, the party may destroy all documents and copies of documents containing the producer's confidential information. The party returning and/or destroying the producer's confidential information must promptly certify in writing its compliance with the requirements of this paragraph. Notwithstanding the requirements of this paragraph, a party and its counsel may retain one complete set of all documents filed with the Court, remaining subject to all requirements of this Order.

7.      Wavier: This Order is not an agreement by any party to produce any information within the scope of Section 3.  Neither the signing of this stipulation nor the designation and disclosure of Confidential information pursuant to this Order shall be construed as a waiver of any privilege or objection.  The production or disclosure of Confidential information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

8.      The parties agree that if information or materials are inadvertently produced in discovery that could be withheld as confidential or privileged, then counsel for the Recipient will immediately return the information or material to counsel for the Producer upon request.

9.      Nothing in this Order affects the admissibility of Confidential information at trial, absent further order of the Court.  However, the parties must provide reasonable notice of their intention to use the Confidential information at the trial of this case to afford the parties an opportunity to make any applications to the Court governing the continued confidential treatment of the Confidential information during the trial.

10.      Survival of Obligations: This Order's obligations regarding confidential information survive the conclusion of this case and will continue to be binding upon all persons to whom Confidential information is produced or disclosed.  All documents or information that have been deemed Confidential pursuant to this Protective Order, including all copies and non-conforming copies thereof, shall remain confidential for all time.  Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by the Recipient for any purpose without prior Court approval.

11.      The Court will retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

12.      Conformed and Copies as Originals: That this stipulation may be executed in counterparts as each signature block is on a separate page and can be conformed as an entire document for filing in CM/ECF.  Additionally, any PDF, copy or electronic signature shall be deemed an original.

Respectfully submitted and stipulated to by the undersigned below,


Dated:  September 1, 2021


*/s/ Zachary C. Oren*
Zachary C. Oren, Esq.
Bar Roll Number: 603001
*Attorney for Plaintiff*
        Attorney at Law
401 Rutger Street
Utica, NY 13501
Telephone: (570) 441-8818
Email: z.c.oren@gmail.com




Dated:  September 8, 2021

*/s/ Hannah K. Redmond*
Adam P. Mastroleo, Esq. (514408) (via first class mail)
Hannah K. Redmond, Esq. (702036)
Bond, Schoeneck and King, PLLC
Attorneys for Defendants
One Lincoln Center
110 West Fayette Street
Syracuse, New York 13202-1355
Telephone: (315) 218-8000
Facsimile: (315) 218-8100
Email: amastroleo@bsk.com
Email: hredmond@bsk.com


**IT IS SO ORDERED**:

Dated:  September  8 , 2021
        Syracuse, New York        Andrew T. Baxter
                                  U.S. Magistrate Judge